**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JESSE L. STEWART, JR.,**

                    **Plaintiff,**            **9:09-CV-69**
                                                    **(GLS/GHL)**

              **v.**

**GARY HOWARD; D. MONELL;**
**N. MARSH; D. SPANGENBURG;**
**D. SWARTS; E. HOLLENBECK;**
**J. EDWARDS;** and **D. RUSSELL,**

                    **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Jesse L. Stewart, Jr.
Pro Se
SCI Forest
Housing Unit C-A/61
P.O. Box 945
Marienville, PA 16239

**FOR THE DEFENDANTS:**
Office of Frank W. Miller         FRANK W. MILLER, ESQ.
6575 Kirkville Road              MICHAEL J. LIVOLSI, ESQ.
East Syracuse, NY 13057

**Gary L. Sharpe**
**District Court Judge**

# **MEMORANDUM-DECISION AND ORDER**

## **I. Introduction**

Plaintiff Jesse L. Stewart, an inmate at Forest State Correctional Institution, Forest County, Pennsylvania, brings this action under 42 U.S.C. § 1983, alleging that defendants Tioga County Jail employees violated his Eighth and Fourteenth Amendment rights during his incarceration at Tioga County Jail. (*See* Compl., Dkt. No. 1.) Defendants moved for summary judgment and for dismissal based on, among other things, Stewart's refusal to cooperate at his deposition. (Dkt. No. 30.) On April 26, 2010, Magistrate Judge George H. Lowe issued a Report and Recommendation Order (R&R) recommending that defendants' motion for dismissal as a discovery sanction be denied but that defendants' motion for summary judgment be granted. (Dkt. No. 38.) Pending are Stewart's objections to the R&R. (Dkt. No. 39.) For the reasons that follow, the court adopts the R&R in its entirety.

## **II. Standard of Review**

Before entering final judgment, this court routinely reviews all report-recommendations in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and

2

recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (citing FED. R. CIV. P. 56(c)); *see also Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006). In considering a motion for summary judgment, the court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor ...." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (citation omitted). The initial burden is on the moving party to inform the court of the basis for its motion, and identify those portions of the pleadings, affidavits, and discovery and disclosure materials on file that it believes "demonstrate the

3

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also SEC v. Kern*, 425 F.3d 143, 147 (2d Cir. 2005). "A 'genuine' dispute over a material fact only arises if the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988) (citation omitted). And while the court remains obliged to read a pro se movant's supporting papers liberally and "interpret them to raise the strongest arguments that they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), "[c]onclusory allegations, conjecture, and speculation ... are insufficient to create a genuine issue of fact," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). Moreover, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law" and courts cannot read into pro se submissions inconsistent claims or claims not suggested by those submissions. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citations and internal quotation marks omitted).

### III. Discussion

Construed liberally, Stewart's objections specifically challenge Judge Lowe's conclusions that: (1) Stewart failed to exhaust his administrative

4

remedies regarding his excessive force and failure to provide medical care claims; (2) Stewart's claims regarding the amount of toilet paper, conditions of showering, and removal of bedding during the day failed to make out a viable Eighth Amendment claim; (3) Stewart had no protected liberty interest entitling him to additional process prior to the imposition of disciplinary sanctions; and (4) Stewart failed to raise any triable issue of fact as to his claim for denial of access to the courts.  Consequently, the court will review those conclusions de novo.

## A.      **Failure to Exhaust Administrative Remedies**

Stewart objects to Judge Lowe's conclusion that his Eighth Amendment excessive force and denial of medical care claims are barred by his failure to exhaust his administrative remedies under the Prisoner Litigation Reform Act of 1995 (PLRA).  Read liberally, Stewart's argument is threefold.  First, Stewart argues that the grievance process at Tioga County Jail was such that any appeal he filed would be futile and accordingly those administrative remedies were not "available" to him under the meaning of 42 U.S.C. § 1997(e).  (*See* Pl. Objections at 2, Dkt. No. 39.)  This argument is without merit.  Even if the court were to accept the allegation that following the grievance procedures would ultimately

5

have lead to an unfair denial of Stewart's claims at the institutional level, perceived futility of the process "does not render the grievance system 'unavailable.'" *Yeldon v. Ekpe*, 159 Fed. Appx. 314, 316 (2d Cir. 2005) (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).

Second, Stewart argues that he was not required to use the prison system to exhaust his remedies because the prison grievance system cannot award monetary damages. (*See* Pl. Objections at 3, Dkt. No. 39.) However, "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)). Accordingly, this argument also fails.

Finally, Stewart claims that he was threatened and did not file grievances at the institutional level for fear of being retaliated against. (*See* Pl. Objections at 2, Dkt. No. 39; *see also* Compl. at 10, Dkt. No. 1; Pl. Resp. at 1, Dkt. No. 32.) The Second Circuit has held that threats by prison officials may estop those officials from raising the affirmative defense of failure to exhaust administrative remedies. *See, e.g.*, *Macias v. Zenk*, 495 F.3d 37, 44-45 (2d Cir. 2007). The estoppel argument can take two forms: either that the actions of a prison official made all administrative

6

remedies unavailable, or that those actions made only some remedies unavailable.  *See Hemphill*, 380 F.3d at 687.  Stewart can only be arguing the latter.  His objections state that he did complain of the use of excessive force and the failure to provide medical care in his letters to the Sheriff, Under Sheriff, and Commissioner.  (*See* Pl. Objections at 2, Dkt. No. 39.)  However, a review of those letters reveals that they are entirely bereft of any mention of the excessive force or failure to provide medical treatment claims, excepting two mentions—without any detail or request for action—of a civil claim for excessive force Stewart was pursuing against defendant Marsh.  (*See* Compl. at 16-30, Dkt. No. 1.)  As a consequence, even if the court were to presume Stewart's remedies at the prison level were unavailable, there is no question of fact as to whether Stewart failed to exhaust all his available remedies.  Stewart could have raised those issues outside the local grievance process but failed to do so.  Thus, defendants are entitled to judgment as a matter of law on those claims.

**B.     Eighth Amendment Conditions of Confinement Claims**

Stewart further argues that, contrary to Judge Lowe's conclusions, his conditions of confinement "shock the mind" and that he was subject to "barbaric," "draconian," and "extreme treatment" sufficient to make out

7

cruel and unusual punishment under the Eighth Amendment. (Pl. Objections at 2-3, Dkt. No. 39.) Stewart alleged in his complaint that for ten days he was denied bedding between the hours of 6:30 am and 11:00 pm, denied his personal property, allowed to shower only while in restraints, and provided only two sheets of toilet paper per defecation. (*See* Compl. at 8-9, Dkt. No. 1.) Judge Lowe was correct to find that these deprivations are not sufficiently serious to support an Eighth Amendment claim. (*See* R&R at 17-18, Dkt. No. 38.) The Supreme Court has held that

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Stewart's complaint and response fail to allege either the presence of an excessive risk to his health or safety or that any prison official was aware of such a risk. Accordingly, Judge Lowe's finding is adopted and Stewart's conditions of confinement claims are dismissed.[1]

---

[1] Stewart now claims via his objections that he was denied blankets at night (in contradiction of his complaint), that he had unspecified "medical life threatening ailments" which could have caused him to die in the cold without blankets, and that there was a risk he would slip and fall while wearing restraints in the shower. (*See* Pl. Objections at 4, Dkt. No.

8

**C.     Due Process**

Stewart's objections reassert the claim that his due process rights were violated due to a biased disciplinary hearing and generally flawed grievance system at Tioga County Jail.  (*See* Pl. Objections at 2, Dkt. No. 39.)  As the R&R observed, to establish a procedural due process claim, an inmate must show that he possessed a state granted interest in remaining free from the alleged deprivation and that the deprivation imposed "'an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  (*See* R&R at 19, Dkt. No. 38 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).)  Here, the conditions of Stewart's heightened confinement are not disputed by the parties and there is no evidence or allegation that the conditions of confinement were atypical in relation to other administrative confinements imposed in the ordinary course of prison administration.  Thus, summary judgment is appropriate.  *See Davis v. Barrett*, 576 F.3d 129, 134 (2d Cir. 2009).  In the absence of unusually harsh conditions, "restrictive confinements of less than 101 days do not generally raise a liberty interest warranting due

---

39.)  The court declines to consider these new claims at this late stage.  *See Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1999).

process protection." *Id.* at 133 (citation omitted). Given that Stewart's confinement was substantially shorter than 101 days, the court agrees with Judge Lowe's conclusion that Stewart possessed no protected liberty interest sufficient to support a procedural due process claim and adopts the recommendation that Stewart's due process claims be dismissed.

**D.** **Access to the Courts**

Lastly, Stewart argues that Judge Lowe erred in finding that Stewart failed to raise any triable issue of fact as to an injury suffered by his restricted use of the mail system. (*See* Pl. Objections at 4, Dkt. No. 39.) Stewart claims that his limited use of the mail prevented him from being heard in support of a habeas corpus petition, which resulted in an unfavorable outcome. (*See id.*; *see also* Pl. Resp. at 1, Dkt. No. 32.) Other than those two places, no allegation of any actual injury stemming from the mail restrictions has been made in Stewart's submissions. Judge Lowe was correct in observing that Stewart's response is unsworn and it cannot be treated as an affidavit for summary judgment purposes. (*See* R&R at 21, Dkt. No. 38.) Accordingly, the response's contents cannot constitute "evidence" sufficient to create a triable issue of fact. (*See* Pl. Resp. at 1, Dkt. No. 32.) The court is mindful of Stewart's pro se status

10

and observes that even if his response could be construed as an affidavit, the statement therein is too conclusory to create a triable issue of fact regardless of his non-compliance with 28 U.S.C. § 1746. Stewart references no specific facts regarding the case he allegedly lost as a consequence of the denial of sufficient postage. Mere assertions unsupported by any specifics, even when contained in an affidavit, are insufficient to create the material dispute necessary to defeat a motion for summary judgment. *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008). Therefore, the court adopts Judge Lowe's recommendation that Stewart's denial of access to the courts claim be dismissed.[2]

### E.   Remaining Recommendations

Because Stewart has not objected to the remaining recommendations, the court has reviewed those recommendations for clear error and finds none. Accordingly, the remainder of the R&R is adopted.

### IV.  Conclusion

---

[2] The court observes in passing that even if it were willing to consider new evidence in Stewart's sworn objections, Stewart's statement therein regarding his lost legal case is no more helpful in identifying what case he lost or providing substantiation to the claim that he lost the case as a consequence of limited postage. (*See* Pl. Objections at 4, Dkt. No. 39.)

11

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge George H. Lowe's April 26, 2010 Report and Recommendation Order (Dkt. No. 38) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion to dismiss based on Stewart's refusal to cooperate with his deposition (Dkt. No. 30) is **DENIED**; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 30) is **GRANTED** and Stewart's claims are **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 30, 2010
Albany, New York

_Gary L. Sharpe_
United States District Court Judge